**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN ANTONIO LOPEZ QUIJANO,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-1878** |
| **v.** | : | **(JUDGE MANNION)** |
| **JESSICA SAGE,** | : | |
| **Respondent.** | : | |

**MEMORANDUM**

Pending before the Court is Juan Antonio Lopez Quijano's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). For the reasons stated herein, Petitioner's petition will be **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner is a citizen of El-Salvador. (Doc. 6-5). He entered the United States without inspection on March 5, 2002. (Doc. 1, ¶10). On May 10, 2009, Petitioner encountered Immigration and Customs Enforcement ("ICE") officers and was issued a Notice of Expedited Removal. (Doc. 6-5 at 2-3). Petitioner was removed on May 22, 2009. *Id.* at 3. Petitioner subsequently entered the United States and was removed for the second time on July 26, 2010. *Id.* Petitioner again entered the United States and was served with

another Notice of Intent to Reinstate a Prior Removal Order after encountering ICE officers on April 5, 2019. *Id.* Petitioner requested withholding of removal to El Salvador pursuant to Immigration and Nationality Act ("INA") §241(b)(3), which was granted by an immigration judge on June 27, 2019. (Doc. 6-5 at 3; Doc. 6-10). Petitioner was released from ICE custody on an Order of Supervised Release on July 8, 2019. (Doc. 6-5 at 3).

Between 2023 and 2025, Petitioner was convicted of Assault Second Degree and Driving Vehicle Under the Influence of Alcohol ("DUI"). *Id.* On November 7, 2025, Petitioner was arrested for failing to appear for court on the DUI charge as well as a probation violation on the assault charge. *Id.* at 4. Petitioner was held without bond on the probation violation, and, on November 12, 2025, ICE lodged a detainer while Petitioner was incarnated at Frederick County Adult Detention Center. (Doc. 6-5 at 4; Doc. 6-8, ¶¶17-18).

Petitioner was taken into ICE custody on March 14, 2026, issued a warrant of Removal/Deportation and Notice of Revocation of Release, and given an initial informal interview. (Doc. 6-8, ¶¶19-20; Doc. 6-13; Doc. 6-14). On May 25, 2026, ICE served Petitioner with a Notice of Third Country Removal to Mexico (Doc. 6-15), and Petitioner was added to the awaiting

flight list for the On-the-Manifest (OTM) Mexico removal on or about May 28, 2026. (Doc. 6-8, ¶23). On or about July 4, 2026, Petitioner was served with a Warning for Failure to Depart and the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal. *Id.*, ¶24.

On July 7, 2026, Petitioner filed the instant *pro se* petition for habeas corpus, arguing that his detention is unlawful and requests immediate release or a bond hearing. (Doc. 1). On July 28, 2026, Respondent filed a response to the petition. (Doc. 6). On September 4, 2026, Petitioner filed a traverse. (Doc. 9). Thus, the petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is “in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. §2241(c)(1), (3).

Furthermore, “[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody.” *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, “[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state.” *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final

order [of removal].” 8 U.S.C. §1252(b)(9). Here, the Court’s jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec’y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) “does not reach claims that are independent of, or wholly collateral to, the removal process[.]”).

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court’s jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O’Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) (“section 1252(a)(2)(B)(ii) is inapposite because the Respondents’ ‘statutory detention power is “not a matter of discretion” to which §1252(a)(2)(B)(ii) applies[.]’”) (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing “have almost universally held that they have jurisdiction,” and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231.).

**c. Merits**

Petitioner argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody or given a bond hearing. Where an immigration detainee has been given a final order of removal, his detention is governed by 8 U.S.C. §1231. Under the statute, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes

administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S. 678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the court reasoned that detention for up to 6 months following a final order of removal is "presumptively reasonable." *Id.*

"After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "for detention to remain reasonable, as the period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, the Court finds that Petitioner's detention has not been unconstitutionally prolonged. Petitioner entered ICE custody on March 14, 2026. (Doc. 6-5 at 3). Petitioner had not yet been in detention for six months when he filed the present petition on July 7, 2026. Although the six-month mark recently passed as of the time of this Memorandum, the Government has made efforts to effectuate Petitioner's removal and credibly claims that removal is a "significant likelihood" in the "reasonably foreseeable future." (Doc. 6-8, ¶27). The Court notes, however, that Petitioner may file subsequent habeas petitions if it turns out that his detention does, in fact, become unreasonably prolonged. Indeed, given the routine nature of deportations to Mexico, any significant future delay would strike the Court as likely unreasonable.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate order shall be issued.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 7, 2026**
26-1878-01